UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ECOBEE, INC., | ) |
| Plaintiff, | ) Case No.: |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| AYARZL, CERTIFIED TECH USA, MAJ DEALS, and BITSNBITES1, | ) |
| Defendants. | ) |

## COMPLAINT FOR PERMANENT INJUNCTION AND DAMAGES

Plaintiff ecobee, Inc. ("ecobee" or "Plaintiff") by and through its undersigned counsel, complains of defendants' Ayarzl, Certified Tech USA, Maj Deals, and Bitsnbites1 (together, "Defendants") conduct and alleges upon information and belief as follows:

## NATURE OF THIS ACTION

1. Plaintiff seeks injunctive relief and monetary damages for Defendants' trademark infringement, unfair competition, and false advertising under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, as well as a related state law claim, arising from Defendants' infringing conduct.

2. ecobee sells its products through a nationwide network of Authorized Resellers.

3. ecobee also does not permit its Authorized Resellers to transship ecobee Products to other, unauthorized resellers. Instead, ecobee permits its Authorized Resellers only to sell to end-users of ecobee products.

4. ecobee is the owner of a federally-registered trademark ECOBEE®, and has been the sole and exclusive owner of that trademark since 2009.

5. Despite advertising their ecobee products as "new," Defendants are deceiving customers by selling liquidated or used ecobee products.

6. Defendants have undertaken these wrongful acts willfully and with full knowledge of their wrongdoing.

7. Consumers are likely to be and have been actually confused by Defendants' sale of ecobee Products that are being falsely advertised as new product when they are in fact used or liquidation products.

8. Defendants' conduct has produced and, unless enjoined by this Court, will continue to produce a likelihood of consumer confusion and deception, to the irreparable injury of consumers and ecobee.

9. As a result of Defendants' actions, ecobee is suffering a loss of the enormous goodwill that ecobee has created in its trademarks and is losing profits from lost sales of products. This action seeks permanent injunctive relief and damages for Defendants' trademark infringement and unfair competition.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as these claims arise under the Trademark Laws of the United States.

11. This Court has supplemental jurisdiction over the pendent state law claim pursuant to 28 U.S.C. § 1367(a).

12. Defendants are subject to personal jurisdiction in the Commonwealth of Massachusetts and this District pursuant to Mass. Gen. Laws ch. 223A §3 because (a) Defendants have sold numerous products into the Commonwealth and this District; (b)

Defendants have caused tortious injury to ecobee's trademarks within the Commonwealth and this District; (c) Defendants practice the unlawful conduct complained of herein, in part, within the Commonwealth and this District; (d) Defendants regularly conduct or solicit business within the Commonwealth and this District; (e) Defendants regularly and systematically direct electronic activity into the Commonwealth and this District with the manifest intent of engaging in business within the Commonwealth and this District, including the sale and/or offer for sale to Internet users within the Commonwealth and this District; and (f) Defendants enter into contracts with residents of the Commonwealth and this District through the sale of items on various online retail platforms and in Internet auctions.

13. Venue is proper in the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to these claims occurred in this District.

**PARTIES**

14. Plaintiff ecobee, Inc. is a Canadian corporation with its principal place of business at 207 Queens Quay West, Suite 600, Toronto, ON M5J 1A7. ecobee designs, manufactures, and sells a variety of smart thermostats and remote sensors for residential and commercial applications ("ecobee Products").

15. Defendant Ayarzl is an Amazon Seller Account, whose name and address are presently unknown. It does business or has done business and sold or offered to sell products to consumers, including ecobee Products, within the Commonwealth of Massachusetts through various online commerce sites, including, but not limited to, Amazon.com, using the seller name "Ayarzl." It conducts business under the Amazon ID A3HVW7NE7E0BUK.

16. Defendant Certified Tech USA is an Amazon Seller Account, whose name and address are presently unknown. It does business or has done business and sold products to

3

consumers, including ecobee Products, within the Commonwealth of Massachusetts through various online commerce sites, including, but not limited to, Amazon.com, using the seller name "Certified Tech USA." It conducts business under the Amazon ID ANV03MQSMW6N1.

17. Defendant Maj Deals is an Amazon Seller Account, whose name and address are presently unknown. It does business or has done business and sold products to consumers, including ecobee Products, within the Commonwealth of Massachusetts through various online commerce sites, including, but not limited to, Amazon.com, using the seller name "Maj Deals." It conducts business under the Amazon ID AJL8QKZYIHIZI.

18. Defendant Bitsnbites1 is an Amazon Seller Account, whose name and address are presently unknown. It does business or has done business and sold products to consumers, including ecobee Products, within the Commonwealth of Massachusetts through various online commerce sites, including, but not limited to, Amazon.com, using the seller name "Bitsnbites1." It conducts business under the Amazon ID A1YCOJDF6NQ855.

## FACTS

**A. ecobee's Authorized Reseller Network**

19. To create and maintain goodwill among its customers, ecobee has taken substantial steps to ensure that ecobee-branded products are of the highest quality. As a result, ecobee has become widely known and is recognized throughout Massachusetts, the United States, and the world as a manufacturer of high quality products.

20. One of the most significant steps taken in this regard is ecobee's development of a nationwide network of exclusive and authorized Resellers ("Authorized Resellers" and the "Authorized Reseller Network").

21.     As a prerequisite to becoming part of the carefully selected Authorized Reseller Network, ecobee prohibits the transshipment, diversion, or transfer of any ecobee Products to any other party.

22.     ecobee's requirement that each of its Authorized Resellers agree not to transfer any ecobee Products to any other party is well known in the retail industry, particularly among retailers of smart thermostats and residential remote sensors.  Defendants were fully aware of this at all relevant times.

**B. ecobee's Trademark Usage**

23.     On November 17, 2009, the U.S. Patent and Trademark Office ("USPTO") issued Reg. No. 3,710,918 for use of the ecobee mark on "automated management of residential and commercial buildings" (hereinafter, the "ecobee Mark"):

| Mark | Reg. Date | Reg. No. | Goods/Services |
| --- | --- | --- | --- |
| ECOBEE | Nov. 17, 2009 | 3,710,918 | Computer software for automated management of residential and commercial buildings, namely, heating, cooling, ventilation, electrical appliances, electrical outlet fixtures,.. |

24.     ecobee is the sole and exclusive owner of the federally registered ecobee Mark on the USPTO's Principal Register.  The ecobee Mark has been in continuous use since at least 2009.  Said registration is in full force and effect, and the ecobee Mark is incontestable pursuant to 15 U.S.C. § 1065.

25.     ecobee owns several other federal trademark and service mark registrations, many of which utilize the ecobee Mark.  Said registrations are in full force and effect.  All of ecobee's trademarks, including the ecobee Mark, are collectively referred to as the "ecobee Marks."

26.     ecobee advertises, distributes, and sells its products to consumers under the ecobee Marks.

27. ecobee has also acquired common law rights in the use of the ecobee Marks throughout the United States.

28. ecobee's federal trademark registrations were duly and legally issued, are valid and subsisting, and constitute *prima facie* evidence of ecobee's exclusive ownership of the ecobee Marks.

29. ecobee has invested significant time, money, and effort in advertising, promoting, and developing the ecobee Marks throughout the United States and the world.  ecobee has also implemented an Authorized Reseller Network in order to guarantee that ecobee Products sold to consumers meet high standards of quality control.  As a result of such actions, ecobee has established substantial goodwill and widespread recognition in its ecobee Marks, and those marks have become associated exclusively with ecobee and its products by both customers and potential customers, as well as the general public at large.

**C. Defendants' Infringing and Improper Conduct**

30. Defendants are falsely advertising that the ecobee Products they list for sale on Amazon.com and other websites are "new" despite the fact that they are in fact used or liquidation product.

31. Defendants offer for sale and sell ecobee Products using the ecobee Marks.

32. ecobee has never authorized or otherwise granted Defendants permission to use the ecobee Marks in the sale of its products or otherwise.

33. Unauthorized resellers selling ecobee Products are not trained in, nor capable of providing, the specific quality controls for ecobee Products that ecobee requires of its Authorized Resellers.  Put simply, ecobee Products bearing the ecobee trademark that are sold by

unauthorized resellers are materially different from ecobee Products sold by ecobee or its Authorized Resellers.

34. By selling trademark ecobee Products as "new," Defendants are representing to consumers that the products they purchase from Defendants will be subject to the same quality control standards as ecobee Products sold by ecobee or its Authorized Resellers, when in fact they are not. This means that, for example, a consumer purchasing a "new" ecobee Product from an unauthorized reseller on Amazon.com (such as Defendants) might receive a product meant for sale to professional installers (such as contractors) or a product that is only intended for sale in another region, not the United States, contrary to his/her expectations.

35. As stated above, Defendants also falsely advertising that the ecobee Products they list for sale on Amazon.com and other websites are "new" despite the fact that they are in fact used or liquidation product.

36. For example, a customer of defendant Ayarzl left the following feedback:


"The item description was new, the item I got was clearly not new, with scuff marks on it. The box was opened before. the seal on the box was removed and placed on the bottom."
Read less

By Lior on February 9, 2020.

37. Similarly, a customer of defendant Certified Tech USA left the following feedback:


"The Power adapter is missing, I will update once I hear back from the seller but this is a real bummer since I have already taken the old thermostat off the wall and now will have to put it all back together if we need AC or heat in the next few days!"
Read less

By Travis Feiock on May 8, 2020.

307809739 v2

38. Similarly, customers of defendant Maj Deals left the following feedback:

 "The battery in one of the door sensors is showing low. What do I do with a sensor that has a low battery?"

By Floyd on May 13, 2020.

 "This was not a new item. It had been used, could tell because the wire ends were twisted (someone installed). On top of that it was broken."

By ChrisN on January 19, 2020.

39. Similarly, customers of defendant Bitsnbites1 left the following feedback:

 "Item sold as a new product near retail price but when the item failed, manufacturer would not honor the warranty because the item was "Sold in November 2016"!!! Their communications to my Amazon complaint was "send it back for full refund". However, it has been 70+ days and Amazon will not allow returns. DO NOT BUY FROM BITSNBITES1!!!!!!"
Read less

By Rob Coventry on June 29, 2020.

 "Supposed to be new. Arrived with opened package and defective battery. Will not buy from this vender again. Zero stars."

By Kindle Customer on August 10, 2020.

 "The item seems referbished. The discription didn't say anything about it being used."

By Danny Kim on May 25, 2020.

40. Defendants' literally false advertisement of a used or liquidation product as a "new" product is detrimental to ecobee as consumers do not receive the product that they believe that they are obtaining and such false advertising by Defendants results in less sales of actual "new" ecobee Product.

307809739 v2

41. Defendants' continued advertisement, display, and sale of used or liquidation product as "new" has harmed, and continues to harm, ecobee as well as the consuming public.

### D. The Likelihood of Confusion and Injury Caused by Defendants' Actions

42. Defendants' actions substantially harm ecobee through their false advertising and through their resale of unauthorized ecobee Products.

43. Defendants' actions substantially harm ecobee and its consumers who ultimately purchase Defendants' ecobee Products believing them to be the same genuine, high-quality products that they would receive from ecobee or an Authorized Reseller.

44. Defendants' conduct results in consumer confusion as well as the dilution of ecobee's goodwill and trade name as consumers are not receiving the products they believe they are purchasing.

45. Defendants' actions substantially harm consumers as Defendants' actions cause consumers to not receive a high-quality ecobee Product as they intended.

46. The sale of ecobee Products by unauthorized resellers interferes with ecobee's ability to control the quality and reputation of products bearing the ecobee Marks.

47. As a result of Defendants' actions, ecobee is suffering the loss of the enormous goodwill it created in the ecobee Marks.

48. Defendants are likely to continue to commit the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to ecobee's irreparable harm.

**COUNT I**
**Trademark Infringement in Violation of 15 U.S.C. § 1114**
**(Against All Defendants Individually)**

49. ecobee hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

50. This is a claim for federal trademark infringement under 15 U.S.C. § 1114.

51. The acts of Defendants alleged herein constitute the use in commerce, without the consent of ecobee, of a reproduction, counterfeit, copy, or colorable imitation of the ecobee Marks in connection with the sale, offering for sale, distribution, or advertising of goods, which use is likely to cause confusion or mistake, or to deceive consumers, and therefore infringe ecobee's rights in the ecobee Marks, all in violation of the Lanham Act.

52. The acts of Defendants alleged herein are infringing activities likely to cause, are actually causing, and are willful and intended to cause, confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of such products, and constitute trademark infringement under 15 U.S.C. § 1114.

53. Defendants' use of the ecobee Marks as alleged herein demonstrates an intentional, willful, and malicious intent to trade on the goodwill associated with the ecobee Marks, thereby causing immediate, substantial, and irreparable injury to ecobee.

54. As a direct and proximate result of Defendants' actions, ecobee has been, and continues to be, damaged by Defendants' activities and conduct.  Defendants have profited thereby, and, unless their conduct is enjoined, ecobee's reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages.  Accordingly, ecobee is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

### COUNT II
**(Unfair Competition and False Advertising in Violation of 15 U.S.C. § 1125(a))**
**(Against All Defendants Individually)**

55. ecobee hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

56. This is a claim for federal trademark infringement under 15 U.S.C. § 1125(a) for Defendants' false advertising and unfair competition.

57. ecobee engages in interstate activities designed to promote its goods and services sold, as well as the goodwill associated with the ecobee Marks, throughout the United States.

58. The ecobee Marks have been, and will continue to be, known throughout the United States as identifying and distinguishing ecobee's products and services.

59. By engaging in the activities alleged herein, Defendants are engaging in unfair competition and false advertising in violation of 15 U.S.C. § 1125(a).

60. Defendants' continued use of the ecobee Marks constitutes the use in interstate commerce of a word, term, name, symbol, or device, or any combination thereof, or false designation of origin, in connection with the sale, or offering for sale, of goods in violation of 15 U.S.C. § 1125(a)(1)(A).

61. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the ecobee Marks, thereby causing immediate, substantial, and irreparable injury to ecobee.

62. Based upon the acts of Defendants alleged herein, Defendants are using the ecobee Marks in connection with the sale, offering for sale, distribution, and/or advertising of goods and services to the public, without ecobee's consent. Accordingly, ecobee is entitled to a judgment of three times its damages and Defendants' ill-gotten profits, together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

63. As a direct and proximate result of Defendants' actions as alleged herein, ecobee has been, and continues to be, damaged by Defendants' activities and conduct. Defendants have profited thereby, and unless their conduct is enjoined, ecobee's reputation and goodwill will

continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages. Accordingly, ecobee is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff ecobee, Inc. prays for judgment in its favor and against Defendants providing the following relief:

1. Finding that, (i) as to Count I, Defendants' unauthorized sale of ecobee Products infringes on ecobee's registered trademarks, in violation of 15 U.S.C. § 1114; and (ii) as to Count II, Defendants' unauthorized sale of ecobee Products constitutes unfair competition and false advertising, in violation of 15 U.S.C. § 1125(a); resulting in Defendants, their officers, agents, servants, employees, attorneys, and any other persons or entities acting in concert or participation with Defendants, including but not limited to any online platform such as Amazon.com or any other website, website host, website administrator, domain registrar, or internet service provider, being preliminarily and permanently enjoined from:

   a. using the ecobee Marks or any other of ecobee's intellectual property;

   b. selling, or taking any steps to sell, any ecobee Products unless Defendants can substantiate with documentary evidence that the specific ecobee Products they are listing for sale are "new" and were not acquired in violation of the law;

   c. engaging in any activity constituting unfair competition with ecobee;

   d. inducing, assisting, or abetting any other person or entity in engaging in or performing any of the business activities described in the paragraphs above.

2. Award ecobee its damages suffered as a result of Defendants' acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117;

3. Award ecobee its reasonable attorneys' fees in bringing this action as allowed by law;

4. Award ecobee pre-judgment and post-judgment interest in the maximum amount allowed under the law;

5. Award ecobee the costs incurred in bringing this action; and

6. Grant ecobee such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

ecobee hereby requests a trial by jury on all causes of action so triable.

                    Respectfully submitted,

                    Plaintiff,
                    ecobee, Inc.,
                    by its attorney,

                    */s/ Morgan T. Nickerson*
                    Morgan T. Nickerson (BBO # 667290)
                    morgan.nickerson@klgates.com
                    K&L Gates LLP
                    State Street Financial Center
                    One Lincoln Street
                    Boston, MA 02111
                    (617) 261-3100
                    (617) 261-3175

Dated: August 31, 2020